The plaintiff alleged in its petition that the defendant, doing business as Marcus', is indebted unto it in the sum of $705.51, the balance due for goods, wares and merchandise sold the defendant during the period of time from May 16, 1945, to June 14, 1945, aggregating the total sum of $1874.33; that the defendant is entitled to credits in the total sum of $1168.82, leaving the balance aforesaid. A statement is attached to the petition showing the dates and numbers of the invoices making up the total amount of the goods, wares and merchandise sold the defendant of $1874.33, and also showing the dates and numbers of the credits on said account, with the balance shown as stated above.
The defendant filed an answer denying that he is indebted unto the plaintiff. He admits that he is entitled to the credits shown in Article 3 of the plaintiff's petition (Article 3 being the article giving a statement of the credits as aforesaid), and defendant further alleges in his answer that he is entitled to additional credits which are not shown in Article 3 of plaintiff's petition. The defendant further sets out as a defense an alleged agreement that he had with plaintiff by which he was to return any merchandise not satisfactory to the defendant, or not in good condition; that he shipped back to plaintiff various items of merchandise because of its bad condition, for which returned goods he is entitled to a credit of $709.93, leaving a balance due him from plaintiff of $4.42. It is further alleged that when these returned goods reached New Orleans, plaintiff wrongfully refused to accept same, causing storage charges to accrue; that he is entitled to recover from plaintiff the said sum of $4.42, plus freight and storage charges in the sum of $150; that he has been damaged in the sum of $2000 by reason of injury to his credit standing and business reputation. He asks for judgment in reconvention against plaintiff in the total sum of $2154.42.
After a trial of the case, the district judge rendered a judgment in favor of plaintiff as prayed for, rejecting the defendant's reconventional demand. The defendant has appealed. *Page 754 
The plaintiff produced as a witness its territorial supervisor who testified as to the correctness of the amount of goods sold the defendant as shown on the statement of account. He testified that the total amount of goods sold the defendant was as shown on the statement, and that the credits shown thereon were also correct. There are five credits shown on the statement, two of which represent cash payments and three representing credit memoranda for goods returned. The defendant does not deny the correctness of the invoices making up the total charges of $1874.33, nor does he deny the correctness of the five credits shown on the account.
The invoices making up the charges are dated beginning May 16, 1945, and concluding with the last invoice on June 14, 1945. During the trial of the case and while defendant's bookkeeper was testifying, a cancelled check was produced dated May 16, 1945, for $864.09, payable to the order of plaintiff and signed by defendant. This check, which was endorsed by plaintiff and cashed through regular channels, bears the notation as follows: "Invoices: 253, 254, 255, 256 295." This check is not shown as a credit on the statement, and the defendant now claims that it is incumbent on the plaintiff to explain why this credit should not be applied against the account. The numbers of the invoices as shown on the check do not compare or correspond with any of the numbers of the invoices shown on the statement annexed to the petition, and we are informed that the trial judge took the position that this check applied to some other shipments not shown on the account.
Counsel for defendant strenously urge that the plaintiff is bound by its pleadings, and as it alleged in its petition that the merchandise sold the defendant between the given dates mentioned amounted to a specified total sum and the admitted credits should be deducted therefrom. It was incumbent on plaintiff to show that it sold other merchandise for which the check for $864.09 was given. Plaintiff did not allege that the goods sold defendant between May 16 and June 14th wereall the goods it ever sold the defendant, but only alleged that it sold defendant merchandise between those dates amounting to the total sum of $1874.33, and annexed a statement to its petition showing the dates and numbers of the invoices making up this total, together with the dates and numbers of the credits which should apply against this total. Defendant does not deny the correctness of any of these invoices or credits.
In addition to the fact that the check for which defendant now claims credit against the account sued on shows that it was given for invoices bearing an earlier number than those embraced in the account, the check is dated on May 16, 1945, on which date the defendant could not have owed plaintiff for any of the invoices on which the suit is based, unless it was the first invoice dated the same day the check is dated, and this invoice is for only $65.76, and bears the number 326, admittedly not shown on the check. The defendant does not claim that he paid for this merchandise in advance, and it is obvious that when he gave the check in question, he gave it to cover other invoices purchased previous to the time the invoices shown in the statement were sold. Plaintiff does not allege in its petition that he is trying to collect for any merchandise sold defendant prior to May 16, 1945. The territorial supervisor of plaintiff who handled this matter for plaintiff testified that to the best of his memory, the first merchandise shipped the defendant was in May, 1945, but he did not testify that no goods were shipped the defendant prior to May 16th of that year.
[1, 2] Where the defendant admits the correctness of an account charged against him and pleads payment, he bears the burden of proving by a preponderance of evidence that he has discharged the obligation. Since the defendant has failed to show that the check for $864.09 should be applied to the invoices which he admits having received, he has failed to show payment of the indebtness.
[3] With reference to the claim of defendant in his reconventional demand that he shipped back to plaintiff certain merchandise in September, 1945, which plaintiff refused to accept, the defendant has failed to prove that plaintiff ever agreed to accept a return of any of the goods, or that *Page 755 
the merchandise was in such a defective condition as to be unsaleable. Plaintiff's representative did testify that complaint was made of the defective condition of some of the merchandise, but all these matters were adjusted, and the defendant made the last payment of $200 on the account September 1, 1945, and agreed to pay the balance at the rate of two hundred dollars per month. It was apparently after this payment was made that defendant conceived the idea of returning the merchandise for credit on the balance which he owed. There is no evidence to show what amount of merchandise, if any, was returned, or whether or not plaintiff agreed to accept a return of any goods.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of defendant in both courts.